FILED

DEC 07 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMERICAN RELIABLE<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>LAWRENCE LOCKARD, and<br>KAREN JANE NELSON,<br><br>    Defendants. | CV 17–04–M–DLC<br><br>ORDER |

Before the Court are Defendant Karen Jane Nelson's ("Nelson") Motion for Attorney Fees and Motion to Enforce Judgment (Doc. 45). The Court denies both motions.

### FACTUAL BACKGROUND

On September 8, 2015, Lawrence Lockard ("Lockard") and Nelson, both employees of the United States Fish and Wildlife Service ("USFWS"), traveled to Quartz Lake in Glacier National Park to conduct work-related research. (Doc. 43 at ¶¶ 10–11.) Nelson and Lockard stayed overnight in a USFWS cabin, sleeping in adjacent beds in the same room. (*Id.* at ¶ 12.) Lockard knew that Nelson had taken sleep medication, waited for her to fall asleep, and then sexually assaulted

1

her. (*Id.* at ¶¶ 16–17.) The assault caused Nelson damages, including anxiety, embarrassment, humiliation, insomnia, nightmares, and emotional trauma. (*Id.* at ¶ 27.)

## RELEVANT PROCEDURAL BACKGROUND

### I.   *United States v. Lockard*, 15-CR-37-DLC (Federal Criminal Action)

On November 20, 2015, Lockard was indicted for abusive sexual contact in violation of 18 U.S.C. § 2244(b). Following a superseding information, Lockard pled guilty to abusive sexual contact in violation of 18 U.S.C. § 2244(b) on February 5, 2016. This Court sentenced him to six months custody followed by five years of supervised release and restitution in the amount of $21,872.49.

### II.   *Nelson v. Zinke*, et al., 16-CV-135-DWM (Underlying Action)

On October 8, 2016, Nelson filed a federal civil complaint against Lockard and the Secretary of the Interior ("Underlying Action"). *See Nelson v. Zinke, et al.*, 16-CV-135-DWM (D. Mont.). In that complaint, Nelson alleged that Lockard negligently made a sexual advance without her permission. During the relevant period of his employment with the USFWS, Lockard was insured by American Reliable Insurance Company ("American Reliable"), through a standard "occurrence"-based homeowner's policy which provides coverage for bodily injury and property damage. Therefore, Lockard tendered the complaint in the Underlying Action to American Reliable and requested a defense and

2

indemnification. As described in further detail below, American Reliable filed this declaratory action on January 12, 2017, seeking judgment that it has no obligation to defend or indemnify Lockard in the Underlying Action.

Meanwhile, in the Underlying Action, Nelson stipulated to the dismissal of all claims against Lockard, which the court granted. The court then granted summary judgment for the remaining defendant, the Department of the Interior, on April 5, 2018. Nelson appealed. The Ninth Circuit has stayed appellate proceedings pending final disposition of the subject action by this Court.

### III. *Nelson v. Lockard*, DV-18-117 (State Court Action)

It appears that Nelson separately filed a civil complaint against Lockard in the Montana State District Court for the Second Judicial District. (Doc. 45-1.) In that case, the state district court entered judgment on April 2, 2018. On its face, the judgment indicates that: Lockard and Nelson entered into a stipulated settlement agreement for $500,000, an amount above the $300,000 American Reliable policy limit; Lockard assigned his claims to Nelson; and Nelson released her right to execute against Lockard. The undersigned is not familiar with the details of the State Court Action.

### IV. *American Reliable Insurance Company v. Lockard and Nelson*, 17-CV-00004-DLC (Federal Declaratory Action)

3

American Reliable filed its complaint in this matter on January 12, 2017. American Reliable contended that, pursuant to the Montana Declaratory Judgment Act, it has no obligation to provide Lockard a defense or coverage for the allegations set forth by Nelson in the Underlying Action. After a bench trial, this Court entered its Findings of Facts and Conclusions of Law (Doc. 43) on August 23, 2018, finding that American Reliable must afford Lockard a defense and indemnification in relation to one of five acts alleged in the Underlying Action. This Court additionally determined that American Reliable is not required to defend or indemnify Lockard against the other four acts alleged by Nelson in the Underlying Action. American Reliable appealed to the Ninth Circuit, and Nelson filed a cross-appeal. The cross appeals in this matter and the appeal in *Lockard v. Zinke* are pending as of the date of this Order.

On September 5, 2018, Nelson filed a Motion for Attorney Fees and a Motion to Enforce Judgment (Doc. 45). Nelson asserts that an award of attorney fees is necessary and proper where, as here, litigation is required in order for the insured to obtain coverage. Because the equities do not support an award of attorney fees under Montana law, the Court denies Nelson's Motion for Attorney Fees.

The Court also denies Nelson's Motion to Enforce Judgment. Nelson purports to seek enforcement of the judgment entered in state court. However, the

4

Underlying Action is the federal action dismissing Lockard and granting summary judgment to the Department of the Interior, rather than the State Court Action. Furthermore, the record contains little to no information regarding the State Court Action.

## DISCUSSION

Jurisdiction in this case is based on diversity of citizenship. "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Here the Court applies Montana law.

### I. Attorney Fees

In general, Montana follows the "American Rule": a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision. *Trustees of Ind. Univ. v. Buxbaum*, 69 P.3d 663, 668 (Mont. 2003). In an action for declaratory judgment, a party may find a statutory basis for the award of attorney fees in Montana Code Annotated § 27-8-313, the "supplemental relief" provision of the Montana Uniform Declaratory Judgment Act ("UDJA"). *Mungas v. Great Falls Clinic, LLP*, 221 P.3d 1230, 1238 (Mont. 2009) (citing *Buxbaum*, 69 P.3d at 674). Section 27-8-313 gives courts discretion to award attorney fees where such an award is "necessary or proper." *Buxbaum*, 69 P.3d at 673. *See also Mungas*, 221 P.3d at 1238. "However, a supplemental award of attorney fees is

5

not necessary and proper in every case and certainly not automatic to a prevailing party." *Associated Mgmt. Servs. v. Ruff*, 424 P.3d 571, 599 (Mont. 2018). A court must make a threshold determination that equitable considerations support an award of attorney fees. *Id.*; *United Nat'l Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1271 (Mont. 2009). Absent a finding that the equities support such an award, courts need not reach the "necessary or proper" analysis. *See, e.g.*, *United Nat'l*, 214 P.3d at 1271.

"One of these equitable considerations is whether the parties are similarly situated." *City of Helena v. Svee*, 339 P.3d 32, 37 (Mont. 2014). In *Svee*, the Montana Supreme Court found that equities warranted an award of attorney fees to the plaintiffs, a Helena family that had been sued and criminally charged by the City of Helena for violating a recent amendment to a Helena zoning ordinance. *Id.* at 33–34. The Svees had received a notice that their homeowners insurance policy would be cancelled due to the condition of their roof, and, because of financial constraints, repaired it themselves. *Id.* at 34. The manner in which they did so violated the city ordinance, and the City instigated litigation. *Id.* A district court granted the Svees declaratory relief, but denied their request for attorney fees. *Id.* On appeal, the Court noted that the parties were "clearly not similarly situated or on equal footing[,]" because the Svees possessed significantly fewer resources to

6

litigate than the municipal government. *Id.* at 37–38. Therefore, equitable considerations supported an award of attorney fees to the Svees. *Id.* at 38.

Equitable considerations also support an award of attorney fees in order to prevent an anomalous result, such as where the injured party would expend more on the litigation than it received as a result of the litigation. *See United Nat'l*, 214 P.3d at 1271. In *Renville v. Farmers Insurance Exchange*, a jury awarded Renville damages for injuries she sustained as a passenger in a car accident. 105 P.3d 280, 281 (Mont. 2004). Farmers withheld a portion of Renville's award despite an order from the Montana Supreme Court affirming the award. *Id.* at 282–83. Renville filed a declaratory judgment action to recover unpaid medical costs, prevailed, and was awarded attorney fees under § 27-8-313. *Id.* at 283. The Court affirmed the award "to prevent the anomalous result of Renville having been better off had she never brought the claim." *United Nat'l*, 214 P.3d at 1271. The Court later cautioned that "*Renville* represents an outlier where equity supported an award of attorney fees." *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 436 (Mont. 2013).

Indeed, the Court has repeatedly emphasized the infrequency with which it awards attorney fees pursuant to § 27-8-313. *See, e.g.*, *United Nat'l*, 214 P.3d at 1271 (citing to *Renville* as "the only case since *Buxbaum* where we have upheld a district court's discretionary grant of attorney fees under § 27-8-313."); *Hughes v.*

7

*Ahlgren*, 258 P.3d 439, 441 (Mont. 2011) (noting that the Court "has upheld a district court's grant of attorney fees under § 27-8-313, [Montana Code Annotated], only once in *Renville*."); *Hanke*, 312 P.3d at 436 (stating, "[O]nly once have we upheld an award of attorney fees in a declaratory relief action under § 27-8-313.").

In light of the Montana Supreme Court's prior holdings, this Court finds that equitable considerations do not support an award of attorney fees in the instant case. Nelson points out in her reply brief that she and American Reliable are not similarly situated or on equal footing. (Doc. 52 at 3.) This may be true. However, the facts of this case are distinguishable from *Svee*, where the Montana Supreme Court found the lack of equal footing so persuasive in its equitable considerations analysis. There, it was the City of Helena that instigated both a criminal prosecution and civil lawsuit against the Svees, who had limited financial resources and were haled into court for attempting a low-cost repair of their roof to comply with their homeowner's insurance policy. In contrast, Nelson brought both the Underlying Action and the State Court Action.

The instant case is also distinguishable from *Renville* because there is no evidence of an anomalous result here. In *Renville*, a jury awarded Renville $17,553 in damages, and Farmers partially withheld payment despite the Montana Supreme Court's affirmance of the award. No similar award has been determined

8

by a jury in this case, let alone withheld by American Reliable. In fact, so far, this Court has merely determined that American Reliable must indemnify and defend Lockard for one of five acts alleged in Nelson's complaint in the Underlying Action. An award of attorney fees under § 27-8-313 is "certainly not automatic to a prevailing party." *Ruff*, 424 P.3d at 599. What is more, the Court agreed with American Reliable that the remaining four acts fall outside Lockard's insurance policy. The Montana Supreme Court has found that equitable considerations do not support an award in a declaratory judgment claim where both parties' claims are meritorious. *Id.*

This case is not an "outlier" where the equities support an award of attorney fees. Therefore, the Court need not consider whether such an award is "necessary or proper." *See Hanke*, 312 P.3d at 436.

## II. Enforcement of Judgment

Nelson asks this Court to enforce "the judgment previously entered against Defendant Lockard[,]" which she attaches to her motion as Exhibit A. That judgment was not entered in the Underlying Action, but rather in a separate state court action in which Nelson and Lockard reached a stipulated settlement agreement in the amount of $500,000, an amount $200,000 above the American Reliable policy limit. Nelson cites *Gibson v. Western Fire Insurance Co.*, 682 P.2d 725, 730 (Mont. 1984), for the proposition that because American Reliable

9

declined her earlier offer to settle within the policy limits, it now bears the risk of judgment in excess of those limits. (Doc. 45 at 3.) American Reliable responds that the judgment is unenforceable under Montana law, finding support for its position in *State Farm Mutual Automobile Insurance Co. v. Fryer*:

> When an insurer defends the insured against a claim, and challenges coverage in a separate declaratory action, a stipulated settlement that relieves the insured of any financial stake in the outcome of the case does not represent the damages "within the contemplation of the parties when they entered into the [insurance] contract, and such as might naturally be expected to result from its violation."

312 P.3d 403, 414 (Mont. 2013) (citation omitted). As American Reliable points out, this is because "[a] rule to the contrary would allow insureds to unilaterally inflate policy limits any[ ]time an insurer tests coverage through a declaratory action." *Id.* at 415. American Reliable notes that it defended under a full reservation of rights, although it is not entirely clear to which action—the State Court Action or the Underlying Action—it is referring. Nonetheless, the record makes clear that American Reliable defended the Underlying Action under a full reservation of rights and brought this action to challenge coverage. (*See* Docs. 1; 1-2.)

*Fryer* might control had the judgment attached as Exhibit A been issued in the Underlying Action. But this judgment was issued by the Montana Second Judicial District Court Judge in a discrete state court action. The records in both this matter and the Underlying Action lack sufficient information about the State

10

Court Action to allow this Court to determine the enforceability of that judgment. Therefore, the Court need not reach the merits of the parties' arguments, including Nelson's last-ditch assertion of bad faith by American Reliable in her reply brief. (Doc. 52 at 5.) Because this Court lacks sufficient information to evaluate the state court judgment, let alone its enforceability in this declaratory action, and is further hesitant to involve itself in a state court proceeding over which it has no jurisdiction, Nelson's motion seeking its enforcement is denied.

## **ORDER**

Based on the foregoing, IT IS ORDERED that Defendant Karen Jane Nelson's Motion for Attorney Fees and Motion to Enforce Judgment (Doc. 45.) are DENIED.

DATED this 7th day of December, 2018.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court